## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | | |
|---|---|---|---|
| ROBOCAST, INC., | | ) | |
| | Plaintiff, | ) | |
| | | ) | Civil Action No. 11-235 (RGA) |
| | | ) | |
| | | ) | |
| v. | | ) | |
| | | ) | |
| APPLE, INC., | | ) | |
| | | ) | |
| | Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | | |
|---|---|---|---|
| ROBOCAST, INC., | | ) | |
| | Plaintiff, | ) | |
| | | ) | Civil Action No. 10-1055 (RGA) |
| | | ) | |
| | | ) | |
| v. | | ) | |
| | | ) | |
| MICROSOFT CORPORATION, | | ) | |
| | | ) | |
| | Defendant. | ) | |

## SPECIAL MASTER OPINION REGARDING EFFICACY
## OF FURTHER SUPPLEMENTAL EXPERT REPORT

Having recently issued an opinion[1] by which I decided whether the defendants would be permitted to serve a supplemental report by Mark Kirschner[2] in response to the rebuttal report of plaintiff's expert, Andrew Reisman, I am now called on again to resolve another skirmish in this battle of computer forensic experts.   By proceeding in this fashion, the litigants continue to perpetuate what seems like a never-ending cycle of blows and counter-blows, all revolving

---

[1] Dated September 27, 2013.

around the issue of inequitable conduct.   This decision will have resulted following the written submissions of the parties on this particular issue, but I have determined that any further oral argument will not be needed.

Specifically, I am asked to (a) permit Mr. Reisman to issue a "supplemental rebuttal report" to oppose "new opinions" in the Kirschner report, and (b) allow plaintiff to depose defendants' expert for 3.5 hours (with the understanding that plaintiff's expert would then be deposed under similar time constraints).   Plaintiff asserts that doing so is the logical outcome under circumstances where an opinion has brought out something that goes beyond what had been the subject of a prior opinion.   Defendants take the position that plaintiff's request should be denied because Mr. Reisman had an opportunity before his last report to address what he now apparently wants to discuss.   Nevertheless, the defendants were close to an agreement with Robocast about additional depositions of the two experts.

The Court's March 21, 2013 Scheduling Order contemplates that there will only be two phases of expert reporting: (1) an "initial" disclosure of expert testimony by the party with the burden of proof on a particular subject matter, and (2) a "supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party". Sched. Order ¶3.f.i.   "No other expert reports will be permitted without either the consent of all parties or leave of the Court." *Id.*   I have previously relied on this last sentence as authority for allowing an expert report beyond the two noted in the Scheduling Order.[3]   On the other hand, generically permitting additional expert opinions, each designed to trump the other on obviously technical

---

[2] Although my earlier opinion refers to it as a "sur-rebuttal report", plaintiff currently describes that document as a "supplemental opening report."

[3] See Special Master Opinion and Order dated September 27, 2013, p. 2.   I rely here upon my larger analysis there, as it informs what I have to consider now.

terms, seems not only an invitation to infinite one-upmanship, but an unnecessary indulgence that has to end at some point[4]. So, the question now is: has that point already been reached or is there a further basis to continue the battle?

In my Opinion and Order of September 27, 2013, at p. 2, I alluded to a tension between an authorized supplementation of an expert's opinions, per Rule 26(e)(2), and the need for the inevitable finality built into the Scheduling Order. I also mentioned the broader frame of reference for this dispute, inequitable conduct, as providing a rationale for the parties having additional chances to defend or attack the provenance of the so-called Hertzig letter[5]. That context is important again now. I gave leave then to the defendants to adduce the Kirschner sur-rebuttal report. Should I now give leave to the plaintiff to serve the further supplemental report of Mr. Reisman? I believe I should, although somewhat reluctantly, for the following reasons:

- Granting the defendants' application, to exclude all or a portion of the Reisman supplemental rebuttal report, would be an "extreme sanction", not normally imposed[6].

- The parties have already attempted, albeit not completely successfully, to work out an arrangement for a supplemental Reisman report, as well as further, limited depositions of their two competing experts.

- An opportunity for a *Daubert* challenge to the bona fides of an expert's methodology and other features of his opinions still exists[7].

---

[4] Ironically, it was Robocast that was then loudly broadcasting the virtues of the only-two-reports formula as the basis for precluding the supplemental report of Mr. Kirschner, a position that it obviously now finds somewhat inconvenient.

[5] See pp. 2-3 of the September 27, 2013 decision.

[6] *Invista North Amer. S.A.R.L. v. M&G USA Corp.*, 2013 WL 3216109, *2 (D. Del. 2013).

- As noted, that the surrounding context is inequitable conduct, which defense has the potential to totally undermine the plaintiff's case whether it otherwise has virtues, is for me primarily responsible for this result.   The reluctance I expressed above would have manifested itself into a denial of the relief Robocast seeks if the context were different.

- Despite being sensitive to the importance of finality, I am equally sensitive to a full opportunity on the merits to develop the litigants' forensic positions on the inequitable conduct issue.

- Given that the difficult-to-prove inequitable conduct defense will be heard at a time other than at the trial in March 2014, it seems less compelling to insist on a strict temporal compliance with the dictates of the Scheduling Order at this particular stage, but nothing in this perception is meant to undercut the mandates of that Order, only to rely on the existence of a device that allows flexibility if appropriate.

- Whereas there are significant limitations with respect to fact witness depositions, the Scheduling Order imposes no limitations upon hours or number of witnesses regarding experts' depositions. Sched. Order. ¶3.e.i. and ¶3.f.i.

- The defendants have not demonstrated that prejudice will result from this additional exercise.

- Under the circumstances, there will be no further expert reports allowed.

---

[7] Although the Court recently granted an extension of time, to October 25, 2013, for the parties to file *Daubert* motions, and there is little prospect for the depositions I am allowing to occur by then, due the nature of this particular expert battle and the number of reports already extant, the litigants likely have sufficient information in connection with the two experts to use in any *Daubert* motion should they choose to file one.

For these reasons, Robocast shall be permitted to serve the Reisman supplemental rebuttal report[8], no later than October 24, 2013.   In addition, Robocast and the defendants shall arrange, at their mutual and earliest convenience, further depositions of their respective experts, Mr. Reisman and Mr. Kirschner, each limited to no more than three (3) hours.

IT IS SO ORDERED.

Paul M. Lukoff
Special Master

Dated:    October 23, 2013

---

[8] In final form and identical to the "draft supplemental rebuttal report" of Mr. Reisman's dated October 4, 2013 (which is attached as Exhibit 4 to Mr. Grimm's letter to me of October 15, 2013).