IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Robocast, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**Microsoft Corporation,**<br><br>Defendant. | Civil Action No. 10-1055-RGA |
| **Robocast, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**Apple Inc.,**<br><br>Defendant. | Civil Action No. 11-235-RGA |

MEMORANDUM ORDER

Before the Court is Defendants' Motion to Exclude Testimony of Forensics Expert, Mr. Andrew Reisman (C.A. 10-1055 D.I. 319, C.A. 11-235 D.I. 331) and related briefing (C.A. 10-1055 D.I. 320, 342, 382). The Court heard oral argument regarding this motion on January 8, 2014. Mr. Reisman is a computer forensics expert, and offers testimony within his area of expertise. Defendants' argument for excluding his testimony, as explained at oral argument, is that he does not tie his theories to the facts of the case, and that therefore his testimony is not helpful to the jury.[1] However, many jurors may indeed be confused by the concept of metadata,

[1] Some of the uses for which Mr. Reisman's testimony would be relevant are non-jury issues. Any testimony reliable enough to be offered to the jury is reliable enough to be offered to the Court.

and Mr. Reisman's testimony may be helpful. The specific objections that Defendants raise in the briefing go to the weight of his testimony, not its admissibility, and therefore Defendants' motions are denied.

Mr. Reisman's testimony is offered in rebuttal to Defendants' computer forensics expert, Mark Kirshner. Mr. Kirshner will presumably testify that the Hertzig Letter was created on March 24, 1999 at 4:41 a.m., as indicated by the metadata associated with the Hertzig File, in an attempt to commit a fraud on the Patent and Trademark Office. This inference, which is quite reasonable considering the evidence, is essential to Defendants' inequitable conduct and unclean hands defenses, and might be relevant to the date of "conception."

Mr. Torres, the inventor, originally could not recall the circumstances concerning the discovery of the Hertzig File. During a subsequent deposition, he recalled finding the Hertzig Fax as well as a floppy disk containing the Hertzig File. When asked about the incriminating metadata, Mr. Torres testified that he recalled that upon attempting to read the floppy, he received an error message. Afterwards, Mr. Torres testified that an unidentified person somehow fixed the floppy. Robocast contends that the metadata is consistent with Mr. Torres' account because transferring the file from a floppy disk to a computer would have resulted in metadata indicating a March 24, 1999 creation.

Defendants point out that the metadata indicates a creation time of 4:41 a.m., which would make it less likely that an unidentified person just happened to be in the office and magically fixed the floppy disk. In support of this theory, Defendants put forth the testimony of Mr. Kirshner, who conducted tests to attempt to recreate the suspicious metadata. Mr. Kirshner testified at his deposition that it was impossible for the metadata to exist as it does unless the document was typed from scratch.

Mr. Reisman sets forth two basic propositions in rebuttal to Mr. Kirshner, which Defendants seek to exclude. The first proposition is that the forensic evidence is consistent with the scenario of someone opening the file using a different program, copying and pasting the contents into a new word document, and then editing the document to look like the original Hertzig Fax. Mr. Reisman's second proposition, which is also necessary if the jury is going to believe this all happened at some time other than the middle of the night, is that system clocks were sometimes unreliable, so that a timestamp of 4:41 a.m. might be inaccurate.

Mr. Reisman's theories are not inherently unreliable,[2] nor would they confuse the jury.[3] They are within his expertise and offered in rebuttal to Defendants' expert. Should Plaintiff introduce the Hertzig Fax, then Mr. Reisman may testify. Defendants' motions (C.A. 10-1055 D.I. 310, C.A. 11-235 D.I. 331) are hereby **DENIED**.

Entered this 13th day of January, 2014.

United States District Judge

---

[2] In fact, Mr. Reisman relies on a Microsoft article which discusses inaccuracies in system clocks of the era.

[3] The underlying story may or may not be plausible. Its status, however, is irrelevant to whether Mr. Reisman's proposed testimony meets *Daubert*'s reliability requirement.