IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Robocast, Inc.,** | | |
| | Plaintiff, | |
| v. | | Civil Action No. 10-1055-RGA |
| **Microsoft Corporation,** | | |
| | Defendant. | |
| **Robocast, Inc.,** | | |
| | Plaintiff, | |
| v. | | Civil Action No. 11-235-RGA |
| **Apple Inc.,** | | |
| | Defendant. | |

MEMORANDUM ORDER

Before the Court is Defendants' Motion to exclude Testimony of Liability Expert, Dr.

Kevin Almeroth (C.A. 10-1055 D.I. 316, C.A. 11-235 D.I. 328) and related briefing (C.A. 10-

1055 D.I. 317, 344, 383). The Court heard oral argument regarding this motion on January 8,

2014. Dr. Almeroth is Robocast's liability expert. Defendants object to Dr. Almeroth's testimony

because they claim that he applied the incorrect legal standard regarding conception, that he did

not analyze all of the claim elements and applied an incorrect legal standard for written

description, and that he failed to apply the Court's claim construction in analyzing infringement.

Defendants' argument regarding conception comes down to what standard must be

applied to corroborating evidence. Of course, neither side disputes that in order to prove

conception via inventor testimony, there must be some sort of corroborating evidence. However, Defendants contend that the corroborating evidence itself must be so complete "that only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation," (D.I. 317 at 5 (quoting *Singh v. Brake*, 317 F.3d 1334, 1340 (Fed. Cir. 2003))). In other words, Defendants essentially contend that the corroborating evidence itself must contain an enabling disclosure.

Defendants conflate the standard for conception with that for corroboration. Conception is a mental process, which is ordinarily proved via inventor testimony. "[T]he test for conception is whether the inventor had an idea that was definite and permanent enough that one skilled in the art could understand the invention." *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994). Essentially, it is the conception itself which must be enabled. Of course, corroborating evidence is necessary to confirm the veracity of inventor testimony, but corroborating evidence is subject to the "rule of reason" analysis. *Singh v. Brake*, 317 F.3d 1334, 1341 (Fed. Cir. 2003) ("[W]hether a putative inventor's testimony has been sufficiently corroborated is determined by a "rule of reason" analysis, in which an evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached.") (internal citations and quotation marks omitted).

Defendants cite to *Coleman v. Dines*, 754 F.2d 353 (Fed. Cir. 1985), *Dawson v. Dawson*, 710 F.3d 1347 (Fed. Cir. 2013), and *Singh v. Brake*, 317 F.3d 1334 (Fed. Cir. 2003) for support of their position. However, the relevant portions of both *Dawson* and *Singh* quote *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994), which itself quotes *Coleman*. It is a version of "whisper down the lane." The full statement from *Coleman* is that "[c]onception must be proved by corroborating evidence which shows that the inventor disclosed

to others his 'completed thought expressed in such clear terms as to enable those skilled in the art' to make the invention." 754 F.2d at 359 (quoting *Field v. Knowles*, 183 F.2d 593, 600 (C.C.P.A. 1950)). The full statement from *Field* is that "[w]here either of the parties seeks to establish conception and reduction to practice prior to his filing date, the conception and disclosure to others required is the inventor's completed thought expressed in such clear terms as to enable those skilled in the art to which the invention pertains to make, compound, build, or practice the device, compound, apparatus, or process which constitutes the subject matter of the invention." 183 F.2d at 600-01.

At best, the cases which Defendants cite are ambiguous. What is not ambiguous is that in *Coleman*, the court applied the "rule of reason," "which was developed over the years in order to ease the requirement of corroboration." 754 F.2d at 360. Requiring that corroborating documents be enabling disclosures would eviscerate the "rule of reason" analysis, and would obviate the need for inventor testimony concerning conception. If corroborating documents were themselves enabling disclosures, then conception would never need to be proved via inventor testimony, as the documents would speak for themselves. This is not what the law requires. Dr. Almeroth relied on inventor testimony as proof of conception, as corroborated by contemporaneous documents. The real issue is whether the corroborating documents provide enough evidence for the jury to believe this testimony, not whether the documents themselves are enabling disclosures.

Defendants' next argument is that Dr. Almeroth's opinions on priority should be precluded because he applied the incorrect legal standard and because he did not analyze all of the claim elements. As for which legal standard Dr. Almeroth applied, Defendants cite to paragraph 173 of the report, where Dr. Almeroth appears to have applied the enablement

standard to the question of priority. (C.A. 10-1055 D.I. 318-4 at 56). However, Plaintiff points out that at paragraph 45 Dr. Almeroth discussed that the written description requirement applies to the question of priority, and in paragraphs 46-49 correctly describes the written description requirement. (C.A. 10-1055 D.I. 318-4 at 23-25). Furthermore, Dr. Almeroth's analyses, notwithstanding the use of the term "enable" in the discussion of "show structure of nodes," all hinge on the disclosure of the provisional application. The Court finds that Dr. Almeroth applied the correct standard. Defendants, if they choose, can cross-examine Dr. Almeroth about any inconsistencies in paragraph 173 and the discussion of "show structure of nodes."

The second argument regarding priority is that Dr. Almeroth failed to address each and every claim element, and identify written description support for them in the provisional and parent application. Plaintiff's first argument in rebuttal is that because the PTO awarded a priority date of September 3, 1996, it is the Defendants' burden to disprove entitlement to that priority date by clear and convincing evidence. However, "patent claims are awarded priority on a claim-by-claim basis based on the disclosure in the priority applications." *Lucent Technologies, Inc. v. Gateway, Inc.*, 543 F.3d 710, 718 (Fed. Cir. 2008). In this case, the applicant only asked the Examiner to make a priority finding for claim 1. (C.A. 10-1055 D.I. 345-1 at 45). In response, the Examiner noted that "[a]pplicant's claim to priority...is acknowledged. A priority date of 3 September 1996 is established for the instant application." (C.A. 10-1055 D.I. 345-1 at 48). Based on what the applicant asked for, the Court can only conclude that priority was awarded for claim 1, but that no priority determination was made for any other claim.

As for claim 1, then, Plaintiff is correct in that there is a presumption of priority. However, the remaining claims do not share in that presumption. Plaintiff contends that because patents are presumed valid, that Dr. Almeroth was not required to submit any evidence on

priority at all. For claim 1, Plaintiff is correct. But for the claims that were not explicitly afforded

priority by the Patent and Trademark Office, Plaintiff has the burden to prove entitlement to the

priority date. *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305-06 (Fed. Cir. 2008)

("The district court therefore correctly placed the burden on PowerOasis to come forward with

evidence to prove entitlement to claim priority to an earlier filing date.). The Federal Circuit

recently clarified the *PowerOasis* decision, explaining that the case:

> says nothing more than, and should be understood to say, that once a challenger
> (the alleged infringer) has introduced sufficient evidence to put at issue whether
> there is prior art alleged to anticipate the claims being asserted, prior art that is
> dated earlier than the apparent effective date of the asserted patent claim, the
> patentee has the burden of going forward with evidence and argument to the
> contrary. As we noted earlier, it is a long-standing rule of patent law that, because
> an issued patent is by statute presumed valid, a challenger has the burden of
> persuasion to show by clear and convincing evidence that the contrary is true.
> That ultimate burden never shifts, however much the burden of going forward
> may jump from one party to another as the issues in the case are raised and
> developed.

*Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1329 (Fed. Cir. 2008).

While Plaintiff argues that this means that Dr. Almeroth at most needed to rebut

Defendants' experts, this is an incorrect application of the burden. The ultimate burden of

proving invalidity never shifts from Defendants. Yet once Defendants present evidence of a prior

art reference,[1] the burden is on Plaintiff to rebut that evidence. Where the rebuttal is in the form

of a claim of priority, the burden is on the Plaintiff to put forth evidence that it is entitled to the

priority date. This requires showing where each claim element draws support in the prior

application. Dr. Almeroth did not do this for each and every claim element.

What Dr. Almeroth did was respond to the priority arguments raised by Drs. Menascé

and Horowitz. Although Dr. Almeroth did not go through each and every claim element, it

---

[1] The question is not whether Defendants introduced sufficient evidence to put priority at issue, as Plaintiff frames
the issue, as there is no presumption of priority aside from claim 1.

appears that only certain claim elements were actually contested by Defendants' experts. One

cannot fault Dr. Almeroth for responding to the contested issues, and failing to address apparent

nonissues. Furthermore, it appears that while Dr. Almeroth only dealt with six term groupings

(C.A. 10-1055 D.I. 317 at 9), Plaintiff points out that multiple elements are discussed in these

sections. (C.A. 10-1055 D.I. 344 at 11). If Dr. Almeroth needs to supplement his reports on the

non-controversial elements, the parties should promptly meet and confer, and, if they cannot

come to an agreement, file letters outlining their problem(s).

Defendants' last argument is that Dr. Almeroth applied the wrong claim construction.

This is merely a repackaging of Defendants' summary judgment arguments and is not properly

considered in a *Daubert* motion. Accordingly, this argument will be dealt with in the Court's

ruling on the summary judgment motions. Defendants' motions (C.A. 10-1055 D.I. 316, C.A.

11-235 D.I. 328) are hereby **GRANTED IN PART** and **DENIED IN PART**.

Entered this 16th day of January, 2014.

United States District Judge