IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Robocast, Inc.,**

                Plaintiff,

    v.                                Civil Action No. 10-1055-RGA

**Microsoft Corporation,**

                Defendant.

MEMORANDUM ORDER

Before the Court are Microsoft's Rule 53(f) Objections to the Special Master's December 26, 2013, Opinion and Order (D.I. 440) and January 16, 2014, Recommendation (D.I. 443), as well as Robocast's Responses (D.I. 473, 474), and related briefing. (D.I. 489, 490). The Special Master's Opinion and Order (D.I. 420) and Recommendation (D.I. 430) both relate to an underlying request by Robocast for an adverse inference instruction in regard to Microsoft's Sports Channel product. (D.I. 277). The Special Master granted Robocast's request and gave a recommendation for the wording of the inference. Microsoft objects to the grant of the inference as well as the language. This Court reviews findings of fact and conclusions of law made by the Special Master *de novo*. FED. R. CIV. P. 53(f).

Microsoft Sports Channel was a plug in for Windows Media Center which allowed users to stream sports content. Because Microsoft did not have the technical expertise necessary to program in Flash, it contracted with a third party, Ether Digital, to design and host the plug in. The contract described the arrangement as a "work made for hire," with certain deliverables including complete compiled object code. Because it was a work made for hire, Microsoft is

1

treated as the owner of the plug in. However, Microsoft never received nor asked for the source code.[1] Sports Channel was functional between March 2009 and June 2010. In 2009, Ether Digital shifted the work on Sports Channel to its sister company Miomni.

Robocast filed suit in December 2010. However, it was not until some point between January 2011 and March 2011 that Robocast identified "sports channel" as an accused product. At that point, Ether Digital was in liquidation. At no point did Microsoft issue a litigation hold to Ether Digital or Miomni. Robocast issued a subpoena to Miomni in March 2013 for relevant documents, but was forced to initiate a proceeding in California federal court to compel production. Miomni's CEO knew little about the Sports Channel project and testified that Miomni did not have any source code for the project. Additionally, Ether Digital did not list any source code in its liquidation documents. The disposition of the source code remains a mystery.

Robocast requested an adverse inference instruction because Microsoft failed to extend the litigation hold to Ether Digital or Miomni, and therefore violated its duty to preserve evidence. The Special Master granted this request. Microsoft contends that an adverse inference instruction is inappropriate in the absence of bad faith. Robocast replies that bad faith is not necessary, and in any event Microsoft could be found to have acted in bad faith.

There are four requirements for spoliation: "the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). The Special Master recognized that the third element was problematic, "in the sense that no one knows if source

---

[1] It is unclear whether the agreement called for Microsoft to receive the source code. For purposes of this opinion I assume that had Microsoft requested the source code, it would have been delivered.

2

code was actually destroyed." (D.I. 420 at 8). Because of the lack of law on this issue, the Special Master shifted to an equitable inquiry. (D.I. 420 at 9). While the Special Master's opinion was logical and well-reasoned, I find that bad faith is required in order for an adverse inference instruction to be appropriate. Because I cannot find that Microsoft acted in bad faith, I will not give an adverse inference instruction.

"[A] finding of bad faith is pivotal to a spoliation determination." *Bull*, 665 F.3d at 79. Robocast contends that the cases differentiate between withholding evidence, in which case intent is required for a showing of bad faith, and destroying evidence, in which case bad faith is implicit. This is gleaned from the following sentences in *Bull*: "[S]poliation of documents that are merely withheld, but not destroyed, requires evidence that the documents are actually withheld, rather than—for instance—misplaced. Withholding requires intent." 665 F.3d at 79. *Bull* was silent on whether destruction is *prima facie* evidence of bad faith. However, in a recent Third Circuit case post-*Bull*, the Court stated that, "The District Court, however, correctly concluded that, where there is no showing that the evidence was destroyed in order to prevent it from being used by the adverse party, a spoliation instruction is improper." *U.S. v. Nelson*, 481 F. App'x 40, 42 (3d Cir. 2012).

I conclude that in order for a spoliation instruction to be proper in this case, there must be a showing that Microsoft destroyed, or was willfully blind to the destruction of, the Sports Channel source code, in order to prevent its use by Robocast. The Special Master found that Microsoft's failure to preserve evidence was negligent rather than willful or grossly negligent. (D.I. 420 at 10). I agree. A spoliation instruction would be improper in this case.

Plaintiff's motion (D.I. 277) is hereby **DENIED**.

Defendant's objection (D.I. 440) is hereby **GRANTED**.

3

Defendant's objection (D.I. 443) is hereby **DISMISSED AS MOOT**.

The Special Master's Report (D.I. 420) is **ADOPTED** to the extent it is not inconsistent with this Order.

The Special Master's Report (D.I. 430) is **NOT FURTHER CONSIDERED** since the subject matter is no longer relevant.

Entered this 25th day of February, 2014.

_____
United States District Judge